**No. 60279.**—Rohner, Gehrig & Co., Inc., and Swiss Manufactures Association, Inc. *v.* United States, protest 217908–K (New York).

MOLLISON, Judge: The merchandise the subject of this protest is described on the invoice as "Diamond Grinding Wheels" and was assessed with duty at the rate of 25 cents per pound and 20 per centum ad valorem under the provision in paragraph 1539 (b) of the Tariff Act of 1930, as modified by the Presidential proclamation relating to the Torquay Protocol to the General Agreement on Tariffs and Trade, T. D. 52739, for—

Manufactures wholly or in chief value of any product of, which any synthetic resin or resin-like substance is the chief binding agent * * * .

The protest claim is for duty at the rate of 10 per centum ad valorem under the provision for nonenumerated manufactured articles in paragraph 1558 of the Tariff Act of 1930, as modified by the Presidential proclamation relating to the said Torquay Protocol, reported in T. D. 52827.

When the case was called for trial, it was submitted for decision upon the following oral stipulation:

* * * that the merchandise described on the invoice as diamond grinding wheels consists of diamond powder, bound together by Bakelite to form a ring and mounted on a disc body, the synthetic resin in the Bakelite being the chief binding agent.

* * * that these wheels are manufactured by mixing Bakelite powder purchased from the manufacturer thereof together with diamond powder in the desired particle [proportions?], the ratio depending upon the concentration ordered. This mixture is then pressed hot in a mold producing a grinding ring.

* * * that this ring is fastened to a suitable disc body, being of aluminum, or in case of smaller wheels, of Bakelite, thus producing the diamond grinding wheels.

* * * that the price of the diamond grinding wheels is determined practically exclusively by the amount of diamond powder which is used in each wheel. The ratio of the cost of the diamond powder to the other materials, to wit, the Bakelite, the aluminum discs and manufacturing expenses, is 4 to 1. Therefore, the component material in chief value in these grinding wheels is the diamond powder.

* * * that the synthetic resin is the chief and only binding agent.

In a recent decision, *United States* v. *J. E. Bernard & Co., Inc.*, 42 C. C. P. A. (Customs) 69, C. A. D. 573, construing the language of the provision under which the merchandise at bar was classified by the collector, our appellate court held that the "product of which any synthetic resin or resin-like substance is the chief binding agent" may be in powder, or unactivated form. This we take to mean that the form in which such product existed prior to being manufactured need not be such form that the synthetic resin or resin-like substance was activated *or then bound the product together*.

Even applying such construction to the articles at bar, it would seem at first glance that the *product* of which the manufactures (diamond grinding wheels) at bar are in chief value composed is the *mixture* of Bakelite and diamond powder, and that the chief binding agent of such *mixture* is the synthetic resin contained in the Bakelite.

However, both in the brief filed on behalf of the plaintiffs and a memorandum filed on behalf of the defendant, both parties adopt the view that the *product* referred to in the statute is that *single product* or component material used in the manufacture which contains as its chief binding agent the synthetic resin or resin-like substance. In such view, the diamond grinding wheels at bar are manufactures of the following products: (1) Diamond powder, (2) Bakelite

powder, and (3) aluminum, and, in such view, of course, the single product which has a synthetic resin or resin-like substance as its chief binding agent is the Bakelite powder. Inasmuch as it is stipulated that the diamond powder is the component material of chief value, it follows that the Bakelite powder is not.

An examination of certain legislative history quoted by our appellate court in the *Bernard* case, *supra*, seems to support the view contended for by the parties.

Inasmuch as there does not appear to be any provision of the tariff act which more specifically covers the merchandise at bar, it is properly classifiable, as claimed, under the provisions of paragraph 1558, as modified.

Judgment will issue accordingly.